EASTON v. PERRY *et al.*

**Tax sale:** CONCLUSIVENESS OF DEED. A tax deed is conclusive evidence that the property was listed and assessed at the time and in the manner required by law. Following *McCready* v. *Sexton & Son,* 29 Iowa, 356.

*Appeal from Winnesheik District Court.*

TUESDAY, DECEMBER 16.

THE action was brought at law to recover the east half of the south-east quarter sections 18, 96, 10. The answer sets up as an equitable defense that plaintiff's claim and title are based upon a tax sale and deed, which are alleged to be void on the ground that the land was sold as one tract for the taxes of 1859, 1860 and 1861 upon assessments for 1859 and 1860 of the south half of the south-east quarter and the north-east quarter of south-east quarter of section 18, and for 1861 the land was assessed the north-east quarter of south-east quarter and the south-east quarter of the south-east quarter of the same section. It is also alleged that at the tax sale there was a combination of bidders to prevent competition, of which plaintiff had notice. The defendant prays that the tax sale and deed be canceled. The allegations of the answer were denied by plaintiff in his reply thereto. The cause was transferred to the chancery docket and, upon a trial, the court rendered a decree granting the relief claimed by defendant. The other facts appear in the opinion. Plaintiff appeals.

*E. E. Cooley* for the appellant.

*Levi Bullis* for the defendant.

BECK, Ch. J. — A treasurer's tax deed was introduced in the evidence. It is regular in form and shows an assessment of the land in question for the years 1859, 1860 and 1861, describing it as one tract. Other proceedings required by the statute are sufficiently cited in the deed. The sale and deed are claimed to be void on the ground that the land was assessed to a known owner each year in two tracts by separate descriptions and sold as one tract. The deed shows a sale *en masse*. The abstract contains nothing contradicting the deed as to the manner of assessment, or showing that it was assessed to a known owner. We understand that counsel for plaintiff, in his argument, admits that the land was assessed in 1861 in two tracts. The counsel for defendant corrects an abstract in the following language: " The abstract omits proof of assessment for 1859 and 1860, and also for 1861, of the premises which was in evidence, showing assessment for 1859 and 1860 to be assessed as south half of the south-east quarter as one parcel, and north-east, south-east as the other of said sections, and the fact of this proof is omitted from plaintiff's abstract, and the same is hereby corrected, and plaintiff had notice of all the facts charged." This is the only correction of the abstract made by defendant. Not a word is said here to the effect that the land was assessed to a known owner. Yet counsel for defendant claims in his argument that it was so assessed.

It is hardly necessary to remark that assertions and statements of facts founded in arguments will not be taken as corrections of the abstracts, or as contradictory of facts stated therein. We presume counsel, in his correction of the abstract, stated the facts as they appear in the record of the case, and that if the land had been assessed to a known owner, he would have made the correction accordingly. But the fact that the land was so assessed, as we shall presently see, could not be shown to defeat the deed, even did it appear in the record.

The tax deed is made conclusive evidence that the property had been listed and assessed at the time and in the manner required by law, and that all the pre-requisites of the law were complied with. Rev., § 784. We have repeatedly held that, under this statute, the deed is conclusive evidence of the *manner* of the assessment, levy and sale, though not conclusive of these jurisdictional facts themselves. *McCready* v. *Sexton & Son*, 29 Iowa, 356; *Rema* v. *Cowan*, 31 id. 125; *Allen* v. *Armstrong*, 10 id. 508; *Eldridge* v. *Kuhl*, 27 id. 160; *Bulkly* v. *Callanan*, 32 id. 461.

Whether the land was assessed in separate "forties," or by one description, to a known or an unknown owner, are matters that relate to the *manner* and not to the fact of assessment. The deed is conclusive evidence that the law in regard to these matters has been complied with, and its recitals relating thereto, if it contain any, cannot be contradicted; if it contain none, the conclusive presumption of regularity prevails. Now the deed before us conclusively establishes that all prior proceedings were in conformity with the law. The land having been sold and conveyed by the deed as one tract, and it being lawful so to sell in that way, if it were so assessed to known owners, such an assessment will be presumed and the deed will be sustained.

There was no evidence introduced to establish the unlawful and fraudulent combination alleged in the defense.

The decree of the district court is reversed, and a decree will be rendered here for plaintiff, or, at his option, the cause will be remanded for a proper judgment in the court below.

Reversed.